UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

HOMESITE INSURANCE COMPANY
OF NEW YORK,

                         **Plaintiff,**

          v.                                     1:21-CV-772
                                                        (FJS/DJS)

DEQUAN GREENE and LATRISHA GREENE,
*Individually and d/b/a* HARMONY AND FRIENDS
DAYCARE; and CARLOS FIGUEROA, *as an
interested party*,

                         **Defendants.**
_____

| APPEARANCES | OF COUNSEL |
|---|---|
| **WADE CLARK MULCAHY LLP**<br>180 Maiden Lane<br>Suite 901<br>New York, New York 10038<br>Attorneys for Plaintiff | ROBERT J. COSGROVE, ESQ. |
| **DEQUAN GREENE and<br>LATRISHA GREENE,**<br>*Individually and d/b/a*<br>**HARMONY AND FRIENDS<br>DAYCARE**<br>Defendants | NO APPEARANCES |
| **IANNIELLO ANDERSON, P.C.**<br>805 Route 146<br>Northway Nine Plaza<br>Clifton Park, New York 12065<br>Attorneys for Defendant Carlos Figueroa | JEANNE M. GONSALVES LLOYD, ESQ. |

**SCULLIN, Senior Judge**

**ORDER**

Counsel for Defendant Carlos Figueroa notified the Court that Mr. Figueroa died intestate on December 5, 2021, and indicated that she was "taking the necessary steps to have an Estate established and an Administrator appointed in order that this action and the Supreme Court bodily injury action may continue." *See* Dkt. No. 16.  On February 15, 2022, counsel advised the Court that she had placed Mr. Figueroa's fiancée in touch with another attorney to establish an Estate and to have a guardian ad litem appointed to represent their infant son.  *See* Dkt. No. 19.  Mr. Figueroa's fiancée indicated that she had every intention of pursuing the underlying bodily injury action once the Estate has been established and substituted as the proper plaintiff in that action.  *See id.*  Counsel noted that Mr. Figueroa's Estate, once established, must also be substituted as the proper party defendant in the instant declaratory judgment action.  *See id.*  Counsel therefore promised to keep the Court advised as to when the Estate is established.  *See id.*

Mr. Figueroa's counsel then cross-moved, on April 20, 2022, for a stay in this action pending the appointment of a representative of his Estate by the New York State Surrogate's Court and substitution of that Estate as a party to this action pursuant to Rule 25 of the Federal Rules of Civil Procedure.  *See* Dkt. No. 24.  In counsel's memorandum of law, she indicated that Mr. Figueroa's fiancée was unable to afford the retainer fee for the attorney she consulted for the purpose of having herself named as the Administratrix of the Estate.  *See* Dkt. No. 24-18.  As a result, Mr. Figueroa's counsel, Ianniello Anderson, P.C., volunteered to provide those services to the fiancée and Mr. Figueroa's infant son, pro bono, but the Surrogate's Court has not yet appointed it as the representative of the Estate.  *See id.*

Courts that have addressed the issue of whether a trial court has the authority to stay the proceedings pending an application to the Surrogate's Court to be appointed the executor of a party's estate after his death "have determined that 'extensions [to effect proper distribution of an estate] are to be liberally granted absent bad faith on the part of the movant or prejudice to the other parties to the suit.'" *Gayle v. New York State Div. of Parole*, No. 95 Civ. 10552(SS), 1997 U.S. Dist. LEXIS 1278, *3 (S.D.N.Y. Jan. 30, 1997) (Sotomayor, J.) (quoting *Gronowicz v. Leonard*, 109 F.R.D. 624, 626 (S.D.N.Y. 1986) (citations omitted). *See also Diamantis v. Judd-Falk, Inc.*, 125 F.R.D. 396, 396-97 (S.D.N.Y. 1989)).  Plaintiff has not pointed to any prejudice that it would suffer if the Court were to grant the stay until the Surrogate's Court appointed a representative of Mr. Figueroa's Estate.  Plaintiff also has not pointed to any bad faith on the part of Mr. Figueroa's counsel in moving for such a stay.  The Greene Defendants have not appeared in this action or opposed the stay.  Thus, after reviewing the entire file and the parties' submissions in this matter, the Court has determined that, since such motions should be "liberally granted" absent bad faith or prejudice, the Court will grant counsel's motion for a stay of this action pending the appointment of a representative of Mr. Figueroa's Estate in Surrogate's Court.

Accordingly, the Court hereby

**ORDERS** that counsel's motion to stay this action pending appointment of a representative of Mr. Figueroa's Estate, *see* Dkt. No. 24, is **GRANTED**; and the Court further

**ORDERS** that Mr. Figueroa's counsel, Ianniello Anderson P.C., shall file a status report thirty days from the date of this Order, and every thirty days thereafter, regarding the status of counsel's petition to be named as representative of Mr. Figueroa's Estate; and the Court further

**ORDERS** that, once counsel is appointed to represent the Estate, counsel may move to substitute the Estate for Mr. Figueroa as the proper Defendant in this action pursuant to Rule 25 of the Federal Rules of Civil Procedure.[1]

**IT IS SO ORDERED.**

Dated: June 14, 2022
Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge

---

[1] The Court will address Plaintiff's pending motion for a default judgment against Defendants Dequan and Latrisha Greene, individually and doing business as Harmony and Friends Daycare, after Mr. Figueroa's Estate has been substituted for him as the proper Defendant in this action. *See* Dkt. No. 23.