UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

HOMESITE INSURANCE COMPANY
OF NEW YORK,

                                     Plaintiff,

                    v.                                    1:21-CV-772
                                                              (FJS/DJS)

DEQUAN GREENE and LATRISHA GREENE,
*Individually and d/b/a* HARMONY AND FRIENDS
DAYCARE; and ESTATE OF CARLOS J. FIGUEROA,
*formerly known as* CARLOS FIGUEROA,

                                     Defendants.
_____

**APPEARANCES**                                **OF COUNSEL**

**WADE CLARK MULCAHY LLP**      **ROBERT J. COSGROVE, ESQ.**
180 Maiden Lane
Suite 901
New York, New York 10038
Attorneys for Plaintiff

**DEQUAN GREENE and**             **NO APPEARANCES**
**LATRISHA GREENE,**
*Individually and d/b/a*
**HARMONY AND FRIENDS**
**DAYCARE**
Defendants

**IANNIELLO ANDERSON, P.C.**     **JEANNE M. GONSALVES LLOYD, ESQ.**
805 Route 146
Northway Nine Plaza
Clifton Park, New York 12065
Attorneys for Defendant
Estate of Carlos J. Figueroa

**SCULLIN, Senior Judge**

**ORDER**

Pending before the Court is Plaintiff's motion for entry of a default judgment against its insureds, Defendants Dequan Greene and Latrisha Greene, individually and doing business as Harmony and Friends Daycare, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure.  *See* Dkt. No. 23.  Plaintiff argues that it is entitled to a default judgment and ultimately a declaration that the Greenes' homeowners' insurance policy does not provide coverage for the daycare or injuries connected to that business; and, thus, it is not required to defend or indemnify the Greenes.  *See* Dkt. No. 23-8 at 3-8.

Ordinarily, "[o]nce a plaintiff has obtained an entry of default pursuant to Rule 55(a), to obtain a default judgment the plaintiff must follow the provisions of Rule 55(b)."  *Peterson v. Syracuse Police Dep't*, 467 F. App'x 31, 34 (2d Cir. 2012) (summary order) (citing *Green*, 420 F.3d at 104).  "[T]o determine whether to grant a motion for default judgment, a court should consider: '(i) whether the defendant's default was willful; (ii) whether the defendant has a meritorious defense; and (iii) the level of prejudice to the non-defaulting party if the motion is denied.'"  *Phila. Indem. Ins. Co. v. Pro. Sec. Assocs., Inc.*, No. 16-CV-6674 (SIL), 2018 U.S. Dist. LEXIS 54741, *8 (E.D.N.Y. Mar. 30, 2018) (quoting *Fed. Ins. Co. v. CAC of NY, Inc.*, No. 14-CV-4132, 2015 U.S. Dist. LEXIS 32098, 2015 WL 1198603, at *3 (E.D.N.Y. Feb. 5, 2015), *report and recommendation adopted*, No. 14-CV-4132, 2015 U.S. Dist. LEXIS 31923, 2015 WL 1198423 (E.D.N.Y. Mar. 16, 2015)).

The Greenes have not appeared in this action.  However, Defendant Carlos Figueroa's estate ("Figueroa") opposes Plaintiff's pending motion.  *See* Dkt. No. 24.  Figueroa, the individual injured on the Greenes' property and seeking to recover for his losses in a separate state-court action, appears to argue the following before this Court: (1) questions of fact exist

that preclude granting a default judgment in Plaintiff's favor; (2) there are issues with the timeliness of Plaintiff's disclaimer of liability; and (3) the business exclusion in the Greenes' homeowners' insurance policy does not apply. *See generally* Dkt. No. 24-18. Initially, the Court finds that Figueroa has standing "'independent of that of the insured[s]'" to defend himself in the declaratory judgment proceeding. *Phila. Indem. Ins. Co.*, 2018 U.S. Dist. LEXIS 54741, at *11 (quoting *Penn Am. Ins. Co. v. Valade*, 28 F. App'x 253, 257 (4th Cir. 2002) [(summary order)]). "That is not to say, however, that [Figueroa] may answer for or otherwise represent [the Greenes'] interests in the litigation[.]" *Id.* at *11-*12. Figueroa "can oppose Plaintiff's motion only insofar as he seeks to reserve his rights to defend this case on the merits." *Id.* at *12 (footnote omitted).

When an injured third-party such as Figueroa appears and opposes the motion, courts in the Second Circuit have generally denied the plaintiff's motion for default judgment against the non-appearing parties without prejudice. *See id.* at *12-*13; *Empire Fire & Marine Ins. Co. v. Image Rent a Car, Inc.*, No. 13-CV-5122 (JMA), 2015 U.S. Dist. LEXIS 24916, *1-*2 (E.D.N.Y. Mar. 2, 2015); *Nat'l Cas. Co. v. Gateway Acoustics Corp.*, No. 12-CV-5920 (CBA) (JO), 2014 U.S. Dist. LEXIS 45794, at *13 (E.D.N.Y. Mar. 6, 2014), *adopted by* 2014 U.S. Dist. LEXIS 43983 (E.D.N.Y. Mar. 31, 2014); *cf. Acceptance Ins. Co. v. Home Med. of Am., Inc.*, No. 04 Civ. 9338 (WHP), 2005 U.S. Dist. LEXIS 33755, *12 (S.D.N.Y. Dec. 20, 2005) (noting that "[o]ther courts have refused to enter a default judgment against a defaulting insured in declaratory judgment actions such as this where the injured parties have appeared." (collecting cases)). Specifically, those courts have concluded that "the conventional three-factor default judgment test is not suitable for declaratory judgment cases such as this one in which the insured is in default but the injured party has in fact appeared." *Phila. Indem. Ins.*

*Co.*, 2018 U.S. Dist. LEXIS 54741, at *12.  Instead, in those situations, courts have denied a plaintiff's motion for a default judgment "'without prejudice to its right to reinstate the motion if and when it successfully overcomes the [injured party's] proffered defense[.]'"  *Id.* (quoting *Nat'l Cas. Co. v. Gateway Acoustics Corp.*, No. 12-CV-5920, 2014 U.S. Dist. LEXIS 45794, 2014 WL 1330851, at *5 (E.D.N.Y. Mar. 31, 2014)).  "[T]his approach, which has been widely adopted," "'allow[s] the validity of [the plaintiff's] claim for declaratory relief to be determined on the merits through adversarial testing without unduly prejudicing [the injured party's] interest in such relief should [he] prevail on the merits.'"  *Id.* at *12-*13 (quoting [*Nat'l Cas. Co.*, 2014 U.S. Dist. LEXIS 45794 at *13]) (other citations omitted).

Following the examples of various courts in this Circuit, the Court finds that Figueroa has standing to protect his interests and may fully litigate his defenses to the timeliness of Plaintiff's disclosure, the applicability of the business exclusion, and raise any other questions of fact that he believes would preclude judgment in Plaintiff's favor.

Accordingly, the Court hereby

**ORDERS** that Plaintiff's motion for entry of a default judgment against Defendants Dequan Greene and Latrisha Greene, individually and doing business as Harmony and Friends Daycare, *see* Dkt. No. 23, is **DENIED** *without prejudice*; and the Court further

**ORDERS** that that this matter is referred to Magistrate Judge Stewart for all further pretrial matters.

**IT IS SO ORDERED.**

Dated:  February 16, 2023
       Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge